## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL BEASLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:25-cv-00565 (UNA) |
| DEPARTMENT OF CHILD SUPPORT ENFORCEMENT, | ) ) ) | |
| Defendant. | ) ) ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application and, for the reasons discussed below, it dismisses this matter without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring immediate dismissal of a case upon a determination that the complaint fails to state a claim on which relief may be granted) and Federal Rule 12(h)(3) (mandating dismissal for lack of subject matter jurisdiction "at any time").

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But "even a *pro se* plaintiff must comply with the Federal Rules of Civil Procedure," *Hedrick v. FBI*, 216 F. Supp. 3d 84, 93 (D.D.C. 2016), and must "plead factual matter that permits [the Court] to infer more than the mere possibility of misconduct," *Brown v. Whole Foods Mkt. Grp.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (cleaned up). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled

to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Plaintiff, a resident of Washington, D.C., sues the "Department of Child Support Enforcement," in Washington, D.C.  *See* Compl. at 1–2.  He states only that the Minnesota Supreme Court "ruled in 1999 that Minnesota's administrative child support process was unconstitutional" because it "violated separation of powers."  *See id*. at 4 (citing to *Holmberg v. Holmberg*, 588 N.W.2d 720 (Minn. 1999)).  He demands $2.5 million dollars as reimbursement for "all money [he] paid into the child support system plus interest," and for his alleged pain and suffering.  *See id*.

Plaintiff's conclusory assertions do not state a claim to relief.  Even acknowledging that "when weighing whether a *pro se* plaintiff has stated a claim, courts must treat technical deficiencies in the complaint . . . leniently and scrutinize[ ] the entire pleading . . . to determine if any legally cognizable claim can be found," *Spence v. United States Dep't of Veterans Affs*., 109 F.4th 531, 538 (D.C. Cir. 2024) (internal quotation omitted), nothing in plaintiff's complaint resembles a legally cognizable claim.

Nor has plaintiff established this court's subject matter jurisdiction. *See generally* 28 U.S.C. §§ 1331 and 1332.  The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a).  A party seeking relief in the district court must at least plead

facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead

such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

First, plaintiff has not stated a federal question. Apart from his reliance on Minnesota case

law, which is not binding on this court and bears no applicability to plaintiff's ostensible child

support obligations to the District of Columbia's Child Support Services Division ("CSSD"),

plaintiff cites to no other authority, federal or otherwise, to justify his plausible entitlement to the

relief sought, nor does the court independently discern any possible applicability.  Moreover, the

domestic relations exception generally deprives a federal district court of the power to involve

itself with determinations of child support obligations.  *See Bennett v. Bennett*, 682 F.2d 1039,

1042 (D.C. Cir. 1982).  Such determinations must be contested in the local court where the

proceedings were held.  *See id.* at 1042–43.

Second, despite purporting to bring this matter through diversity jurisdiction, *see* Compl.

at 3, plaintiff has failed to establish same.  CSSD is *non sui juris*, *see Proctor v. Title 4-D*, 318 F.

Supp. 3d 337, 344 n.5 (D.D.C. 2018), and "[t]he District of Columbia is not considered a 'citizen'

of a state, and thus cannot be sued under the diversity statute in federal court," *Simms v. Dist. of

Columbia Gov't*, 646 F. Supp. 2d 36, 38 (D.D.C. 2009) (citing *Long v. Dist. of Columbia*, 820 F.2d

409, 413 (D.C. Cir. 1987)).  Even if it could be sued, plaintiff is a resident of the District, thus

defeating complete diversity.  *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing

*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)) ("For jurisdiction to exist

under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that

the plaintiff may not be a citizen of the same state as any defendant.").

For all of the foregoing reasons, the complaint, ECF No. 1, and this case, are dismissed without prejudice.[1]  A separate order accompanies this memorandum opinion.

Date:    April 21, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[1]    The court notes that plaintiff has recently filed, unsuccessfully, other substantially similar lawsuits in this District.  *See, e.g., Beasley v. Dep't of Child Support Enforcement*, No. 24-03050, 2024 WL 4722135, at *1 (D.D.C. Nov. 7, 2024) (dismissing for failure to state a claim and pursuant to Fed. R. Civ. P. 8(a)); *Beasley v. Dep't of Child Support Enforcement*, No. 24-03049, 2024 WL 4836409, at *1 (D.D.C. Nov. 19, 2024) (dismissing for lack of subject matter jurisdiction); *Beasley v. Becker*, No. 24-cv-02832, 2024 WL 5008723, at *1 (D.D.C. Nov. 27, 2024) (dismissing for lack of subject matter jurisdiction and on the basis of immunity); *Beasley v. Chandler*, No. 24-02938, 2025 WL 435949, at *1 (D.D.C. Feb. 6, 2025) (dismissing for failure to state a claim and on the basis of immunity).  Plaintiff is forewarned that "[d]uplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are . . . subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)." *Sturdza v. United Arab Emirates*, No. 09-0699, 2009 WL 1033269, at *1 n.2 (D.D.C. April 16, 2009) (citing *Risley v. Hawk*, 918 F. Supp. 18, 22 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. Mar. 05, 1997); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir.1995); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993)).